UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

MELVIN DELGADO-LORENZANA,        No. 5:26-cv-03550-JDE

Petitioner,                      ORDER REGARDING PETITION

v.

FERETI SEMAIA, et al.,

Respondents.

## I.

## PROCEEDINGS

On June 26, 2026, Melvin Delgado-Lorenzana ("Petitioner"), through counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, alleging his detention by immigration authorities violates his substantive and procedural due process rights, 8 U.S.C. § 1226(a), the Immigration and Nationality Act ("INA"), and the Administrative Procedure Act. Dkt. 1 ("Petition" or "Pet."). He seeks immediate release and a declaration that his detention is unlawful or a constitutionally adequate bond hearing under 8 U.S.C. § 1226(a) before a neutral adjudicator at which the government bears the burden of proof by clear and convincing evidence. Id. at 21-22. On July 6, 2026, Respondents filed an Answer acknowledging Petitioner appears to be a

member of the Bond Eligible Class certified in Bautista v. Santacruz, Case No. 5:25-cv-01873-SSS-BFM (C.D. Cal.) ("Bautista") and his claim appears to be subject to the Bautista judgment. Dkt. 8. Respondents oppose immediate release, arguing that to the extent Petitioner is entitled to any remedy, at most it would be ordering a bond hearing under 8 U.S.C. § 1226(a), to be provided in seven days. Id. Petitioner filed a Reply on July 8, 2026. Dkt. 9 ("Reply").

For the reasons discussed below, the Petition is granted, in part.

## II.

## BACKGROUND

Petitioner is a native and citizen of Guatemala, who came to the United States in 2022. Pet. ¶ 16. He has no criminal history. Id. ¶ 1. Petitioner suffers from end stage renal disease requiring dialysis three times each week. Id. On January 17, 2026, he attended dialysis treatment after which he was on his way to work when he was approached by Department of Homeland Security ("DHS") officers as part of an interior immigration enforcement operation. Id. ¶¶ 2, 18-20. The DHS officers questioned him about his immigration status and arrested him without a warrant, deeming him a flight risk. Id. ¶¶ 2, 21-22, 29, Exh. 2. DHS subsequently served Petitioner with a Notice to Appear charging him as removable under INA § 212(a)(6)(A)(i) as a noncitizen present in the United States without being admitted or paroled. Id. ¶ 27, Exh. 3. He has no prior immigration record. Id. ¶ 28. Petitioner has remained continuously detained since that time without any individualized bond hearing. Id. ¶ 33. Removal proceedings remain pending. Id. ¶ 3.

## III.

## DISCUSSION

A petitioner seeking habeas relief must demonstrate that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). The protections of habeas corpus extend to those in

immigration detention. See Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020); Nadarajah v. Gonzales, 443 F.3d 1069, 1075-76 (9th Cir. 2006). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." Lopez-Marroquin, 955 F.3d at 759.

As noted, Respondents acknowledge Petitioner appears to a member of the Bond Eligible Class in Bautista and subject to the Bautista judgment. In Bautista, the Honorable Sunshine Suzanne Sykes, United States District Judge, granted class-wide declaratory relief to "Bond Eligible Class" members, finding such members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under Section 1225(b)(2). Further, Judge Sykes held that Bond Eligible Class members are "entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge." Bautista, Dkt. 94. An appeal is pending, and the Ninth Circuit has granted a stay, but the December 2025 judgment remains in place in this district. See Bautista, et al. v. United States Department of Homeland Security, et al., Case No. 26-1044 (9th Cir.), Dkt. 17.1.

Typically, the remedy for the Bond Eligible Class is consideration for bond under 8 U.S.C. § 1226(a). Petitioner acknowledges Bautista, but contends that a post-deprivation bond hearing cannot cure an unlawful arrest, arguing that "where detention flows from an unlawful warrantless arrest or from the absence of lawful detention authority, release is the proper habeas remedy." Reply at 9. Petitioner cites no Ninth Circuit or Supreme Court authority holding that immediate release is appropriate in the circumstances alleged here, where Petitioner has no current lawful path to admission and had no pending immigration proceedings at the time of his arrest. Petitioner has not shown immediate release is warranted. As Respondents acknowledge Petitioner is a Bond Eligible Class member, for the reasons stated in Bautista,

the Court finds Petitioner should be treated as other members of the Bautista class. Petitioner is entitled to the procedural protections that 8 U.S.C. § 1226(a) provides, including a bond hearing.

Further, Petitioner has been held for nearly six months. At six months, he would be entitled to a Rodriguez bond hearing, at which the government would bear the burden of proof by clear and convincing evidence. If the Court follows Respondents' suggestion to order a bond hearing to be held within seven days from the date of this Order, on the seventh day, Petitioner will have been detained for more than six months and thus would be eligible for a Rodriguez bond hearing. The Court adopts Respondents' proposed schedule for holding a bond hearing, but directs that any such bond hearing shall be conducted in accordance with Rodriguez, with the government bearing the burden of proof by clear and convincing evidence.

## IV.

## ORDER

IT IS THEREFORE ORDERED that Judgment shall be entered: (1) granting the Petition, in part, ordering Respondents to (a) hold an individualized Rodriguez bond hearing for **Petitioner Melvin Delgado-Lorenzana (A# 246 060 818)** within seven (7) days of this Order at which the government shall bear the burden of proving by clear and convincing evidence that Petitioner is a flight risk or danger to the community, with instructions that the immigration judge provide a written, reasoned decision if bond is denied; or (b) release Petitioner from custody if Petitioner is not timely provided with the aforementioned bond hearing; and (2) denying other relief sought by the Petition without prejudice as moot and/or unsupported.

Dated: July 10, 2026 _____

_____
JOHN D. EARLY
United States Magistrate Judge

4